# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY PUGH, individually and on behalf of other employees similarly situated,<br>         Plaintiff,<br><br>v.<br><br>BAKER HUGHES OILFIELD OPERATIONS, INC. d/b/a/ BAKER HUGHES BUSINESS SUPPORT SERVICES,<br>         Defendant. | §§§§§§§§§§§§§ | CIVIL ACTION NO. H-07-2346 |
| DOROTHY PUGH,<br>         Plaintiff,<br><br>v.<br><br>BAKER HUGHES OILFIELD OPERATIONS, INC. d/b/a/ BAKER HUGHES BUSINESS SUPPORT SERVICES,<br>         Defendant. | §§§§§§§§§§§ | CIVIL ACTION NO. H-07-2869 |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Consolidate [Doc. # 25] filed by Defendant Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"). Plaintiff Dorothy

Pugh has responded [Doc. # 29]. The Court has considered these documents, all pertinent matters of record, and applicable legal authorities, and concludes that Defendant's Motion should be **denied**.

## I.   FACTUAL BACKGROUND

Plaintiff Dorothy Pugh was formerly employed by Baker Hughes as a Senior Technical Analyst II, responsible for providing computer support services to Baker Hughes' business operations. On January 31, 2007, Pugh was terminated from Baker Hughes after allegedly testing positive for cocaine and marijuana on a random drug test.

In July 2007, Pugh filed this lawsuit ("*Pugh I*"), individually and as the putative representative of a collective action, claiming that Baker Hughes withheld overtime pay to which she was entitled under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. In September 2007, Pugh filed a separate lawsuit against Baker Hughes ("*Pugh II*"), alleging discriminatory and retaliatory termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*[1]

Baker Hughes has filed the pending motion requesting that *Pugh I* and *Pugh II* be consolidated.

---

[1]   *See Pugh v. Baker Hughes Oilfield Operations, Inc.*, No. 4:07-CV-2869 (S.D. Tex. filed Sept. 6, 2007) (pending before the Honorable Kenneth M. Hoyt).

**II.     ANALYSIS**

District courts are vested with broad discretionary authority to consolidate actions pending before the court when the actions involve common questions of law or fact and doing so would promote efficiency and judicial economy. *See* FED. R. CIV. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."); *see also Dillard v. Merrill Lynch*, 961 F.2d 1148, 1161 (5th Cir. 1992). "Rule 42(a) should be used to expedite trial and eliminate unnecessary confusion." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). The power of the court to consolidate is purely discretionary. *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n*, 712 F.2d 978, 989 (5th Cir. 1983); *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) ("Federal courts have very broad discretion in deciding whether . . . to consolidate."); *see, e.g.*, *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (finding no abuse of discretion where the district court declined to consolidate two cases involving the same defendant and nearly identical facts, but based upon two "entirely separate" commercial transactions). "The court should[,] however[,] 'be most cautious' to make sure that the rights of the parties are not

prejudiced by consolidation." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966).

In this case, consolidation is inappropriate. Defendant argues that "efficiency and judicial economy" counsel in favor of consolidation.[2] However, Defendant concedes, while "[t]he two cases involve the same parties, the same lawyers, [and] some of the same witnesses," they share a common factual background on only a "broad level."[3] Indeed, Defendant has not specified, and the Court cannot identify, any common questions of law or fact between Plaintiff's two cases. Whether Defendant improperly classified Plaintiff as an exempt employee and impermissibly withheld overtime pay[4] is an inquiry wholly distinct from whether Defendant discriminated and retaliated against Plaintiff on the basis of her race, sex, and age.[5] *See, e.g.*, *EEOC v. Coastal Transp. Servs.*, No. V-07-36, 2007 U.S. Dist. LEXIS 52570, *3–*4 (S.D. Tex. July 7, 2007) (refusing to consolidate an overtime pay case with a Title VII sexual harassment case).

"Although actions involving the same parties are likely candidates for

---

[2]   Defendant's Motion to Consolidate [Doc. # 25], at 3.

[3]   *Id.*

[4]   *See* Plaintiff's Original Collective Action Complaint [*Pugh I* Doc. # 1].

[5]   *See* Plaintiff's Original Complaint [*Pugh II* Doc. # 1].

consolidation," a common question of law or fact is a necessary prerequisite. *See Continental Bank & Trust Co. v. Platzer*, 304 F. Supp. 229, 229 (S.D. Tex. 1969 ("While it is required that a common question of law or fact be present as a prerequisite to consolidation, the mere presence of a common question does not require consolidation."); *see also Morrison v. Amway Corp.*, 186 F.R.D. 401, 403 (S.D. Tex. 1998) (citing 7 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE § 2384 at 263–64); Finding none, the Court declines to consolidate these cases.  However, to the extent the same witnesses are involved in both cases, as Defendant asserts, the parties are encouraged to cooperate during discovery to avoid unnecessary costs.

## III.    CONCLUSION

Based on the foregoing, it is accordingly

**ORDERED** that Defendant's Motion to Consolidate [Doc. # 25] is **DENIED** in its entirety.

SIGNED at Houston, Texas, this 13th day of **November, 2007**.

Nancy F. Atlas
United States District Judge